IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0608-K |
| | § | |
| JUDGE KAREN GREENE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Donald Joseph Bell, a Texas prisoner confined in the Kerrville State Hospital, against Judge Karen Greene and the "licensed staff" of the 282nd Judicial District Court of Dallas County, Texas.[1] On April 4, 2006, plaintiff tendered a four-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and

---

[1] This the eighth federal civil action filed by plaintiff in this district during the past two years. Four of those cases were dismissed for want of prosecution. *Bell v. Bowles*, No. 3-04-CV-0621-H (N.D. Tex. Jun. 21, 2004); *Bell v. Clements*, No. 3-04-CV-2458-N (N.D. Tex. Mar. 4, 2005); *Bell v. Bowles*, No. 3-05-CV-0135-L (N.D. Tex. May 25, 2005); *Bell v. Bowles*, No. 3-05-CV-2496-M (N.D. Tex. Apr. 6, 2006). One case was dismissed as frivolous. *Bell v. Williams*, No. 3-05-CV-1933-G (N.D. Tex. Jan. 4, 2006). Three other cases, including this one, remain pending. *Bell v. 282nd District Court*, No. 3-06-CV-0463-B (N.D. Tex., filed Mar. 15, 2006); *Bell v. Greene*, No. 3-06-CV-0608-K (N.D. Tex., filed Apr. 4, 2006); *Bell v. Stevenson*, No. 3-06-CV-1041-G (N.D. Tex., filed Jun. 12, 2006).

allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on June 13, 2006. The court now determines that this action should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

II.

Although his complaint is difficult to decipher, it appears that plaintiff was recently found incompetent to stand trial on the charge of aggravated assault with a deadly weapon. Dissatisfied with the outcome of his competency hearing and the manner in which the proceeding was conducted, plaintiff now accuses the presiding state court judge and unnamed court personnel of "defamation of character." In particular, plaintiff alleges that defendants referred to him as "delusional" for claiming to know former Texas Governors Bill Clements and Ann Richards, former Dallas County District Attorney John Vance, and the owners of Kentucky Fried Chicken. Plaintiff also accuses defendants of falsely representing his criminal record, including prior convictions for larceny, credit card abuse, and rape of a child. By this suit, plaintiff seeks $4 million in compensatory and punitive damages and dismissal of the pending indictment.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to establish a basis for federal subject matter jurisdiction. Claims for defamation, including libel and slander, are state law matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, No. 01-40264, 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988). Nor is federal diversity jurisdiction proper, as both plaintiff and defendant are citizens of Texas. *See* 28 U.S.C. § 1332(a)(1). For these reasons, this case should be dismissed for lack of subject matter jurisdiction.

C.

Even if the court liberally construes plaintiff's complaint to assert a federal civil rights claim, such a claim is without merit for at least two reasons. First, the only named defendant in the case, Judge Karen Greene, is absolutely immune from civil liability for actions taken within the scope of her jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 359-60, 98 S.Ct. 1099, 1106, 55 L.Ed.2d

331 (1978); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  Second, no state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid.  (*See* Interrog. #1).  Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 15, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff seeks dismissal of the state indictment, his complaint must be construed as an application for writ of habeas corpus.  *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).  However, plaintiff has filed a separate habeas proceeding which is currently pending before another judge in this district.  *Bell v. 282nd District Court*, No. 3-06-CV-0463-B (N.D. Tex., filed Mar. 15, 2006).